ELLA SHEPARD, Respondent, v. FLOYD PECK, Appellant.

Third Department, June 22, 1938.

*Albert Haskell, Jr.*, for the appellant.

*Chase & Hoffmann* [*Edmund J. Hoffmann* of counsel], for the respondent.

CRAPSER, J. The plaintiff-respondent was riding as a passenger in an automobile, owned and operated by her husband, which came into collision with an automobile owned by the defendant-appellant.

There were three cases tried together, the other two plaintiffs were passengers in the defendant's car, and the jury rendered a verdict in favor of the defendant in all three cases. No motions to set aside the verdicts were made in the cases of the passengers in the defendant's car and their cases are not before this court.

The main Binghamton and Cortland highway, known as Route 11, runs easterly and westerly. Conable avenue, a dirt road in the town of Cortlandville, enters Route 11 from the north but does not cross said Route 11. Route 11 is a concrete road consisting of two fifteen-foot strips. At the north side of Route 11, in the

area of the intersection, there is a dirt shoulder of twenty-five to thirty-nine feet in width.

The accident occurred on July 7, 1937, at about six-forty-five in the morning of a clear, dry day. The plaintiff was a passenger in an automobile driven by her husband easterly on Route 11. He intended to turn to his left, northerly, into Conable avenue. The defendant-appellant was operating his automobile westerly on Route 11. There is no question that the defendant's automobile was going at a rate of speed not exceeding thirty miles an hour.

At a point west of the intersection of Conable avenue, Herbert Shepard, the driver of the car in which the plaintiff was riding, made a left turn in front of the defendant-appellant. It was a sudden turn and the defendant, observing what was occurring in front of him, made a sharp right turn in order to avoid a collision but the two automobiles came together at the edge of the concrete or just off the concrete on the shoulder of the road.

The drivers of both cars knew the route and knew that it was a much traveled route. The collision occurred west of the center of the intersection. The Shepard car, before turning, did not wait or change its speed.

The trial justice, in granting the motion setting aside the verdict and ordering a new trial, said " that perhaps this plaintiff's case was put in jeopardy by reason of the fact that the trial was had with two other cases." The decision of the trial justice it would seem was based upon his belief that " a finding by the jury that the defendant was not negligent was against the weight of evidence." The question of the defendant's negligence was of course for the jury.

The collision occurred west of the intersection which in itself shows that the driver of the plaintiff's car was making the turn before he should have. The driver of the plaintiff's car should have driven, under the circumstances, with extreme caution and should have had his car under control.

From all of the evidence there can be little question that Mr. Shepard, the husband of the plaintiff, violated the statutory duties imposed upon him.

The plaintiff, who was riding with her husband in the front seat of the car, was paying no attention and had her mind on something else, she knew that he was going to make a left-hand turn across the traffic but apparently was giving no attention to the way the car was driven.

A careful reading of the evidence indicates that the jury took the view that the driver of the plaintiff's car, proceeding easterly, intending to turn northerly, turned before reaching the inter-

section and turned rather suddenly directly in front of the defendant's car, and that from the whole testimony the defendant did not act or fail to act otherwise than a reasonably prudent person would have done under the circumstances.

The defendant claims that he put on his brakes as soon as he discovered where the plaintiff's car was being driven.

It is claimed that the defendant had a sore foot and only one eye but there is no proof but that the defendant could operate his car properly. He had a license to drive and neither of these things contributed in any way to the happening of the accident.

The whole question was fairly submitted to the jury. The record does not indicate that the trial of the three actions together had any influence upon the verdict of the jury. The question of negligence and contributory negligence was fairly submitted and the trial was fair. Plain questions of fact were involved. There is no indication that the jury in reaching the verdict failed to give effect to all the evidence or was influenced by anything outside of the evidence. There is not the slightest evidence of bias, passion or prejudice on the part of the jury or that the interests of justice were not fully met by the trial.

The trial justice in his opinion indicates that he would have reached a different conclusion, but that is not sufficient ground for setting aside the verdict.

The record fails to disclose any reason for permitting the trial justice to substitute his judgment for that of the jury on plain questions of fact.

The order setting aside the verdict and granting a new trial should be reversed on the law and facts and the verdict reinstated, with costs.

HILL, P. J., RHODES and BLISS, JJ., concur; HEFFERNAN, J., dissents.

Order reversed on the law and facts, with costs, and verdict reinstated.